**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action |
| | : | No. 2:01-cr-00548-BMS |
| JOSEPH POOLE | : | |

**DEFENDANT'S AMENDED MOTION TO TERMINATE SUPERVISED RELEASE**

Defendant Joseph Poole respectfully requests that this Court terminate his supervised release after he served a 200-month sentence and after he has served the majority of his eight-year term of supervised release. Since his release from prison, Mr. Poole's conduct has been exemplary. He has integrated himself into the community and developed a lawful calling as a truck driver. He supports his family and has purchased a home. He has accomplished his supervision objectives and has not presented any concerning behavior. In light of this history, his probation officer supports terminating his supervised release. Mr. Poole has accomplished all of the aims of supervised release and so is an ideal candidate for early termination.

**FACTUAL BACKGROUND**

1. In November 2001, Mr. Poole pleaded guilty, accepting responsibility for his commission of certain drug crimes and for possessing a gun despite a prior felony conviction.

2. This Court sentenced him to 200 months, which was below the applicable Career Offender guideline sentence.

3. Mr. Poole was released from prison in December 2015 and began his eight-year term of supervised release. Since then, he has not been arrested or had any violations of the conditions of his supervision.

4. After his release, he obtained all training and licenses necessary to work as a truck driver. Through his new profession, he has supported a family. He lives with his fiancé, who he is planning to marry this April. He has four children.

5. He has not abused drugs or alcohol and has not participated in the lifestyle that led to his criminal conduct.

6. After serving his time and the majority of his eight-year term of supervised release, Mr. Poole has successfully transitioned into community life.

7. He now asks this Court to terminate his supervised release under 18 U.S.C. § 3583(e)(1). His probation officer supports that request, although the United States Attorney's Office for the Eastern District of Pennsylvania opposes it.

## GOVERNING LAW

8. Under 18 U.S.C. § 3853(e)(1), this Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

9. The Third Circuit has not yet adopted clear guidance in a precedential opinion explaining when district courts should grant motions to terminate supervised release under § 3853(e)(1).

10. However, the statute specifies that this Court is to consider the sentencing factors of 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Relevant here, those factors include:

> (a) Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The

court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(4) [the sentencing range].

11. In addition, in the Guide to Judiciary Policy, Volume 8E, § 380.10, the Judicial Conference has identified the following criteria for probation officers to consider a request for termination of supervised release:

(b) Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

(1) Stable community reintegration (e.g., residence, family, employment);

(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

(3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

(4) No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

(5) No recent arrests or convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct;

(6) No recent evidence of alcohol or drug abuse;

(7) No recent psychiatric episodes;

(8) No identifiable risk to the safety of any identifiable victim; and

(9) No identifiable risk to public safety based on the Risk Prediction Index.

**LEGAL ARGUMENT**

12. This Court should terminate Mr. Poole's supervised release. Supervised release no longer serves its intended purpose.

13. As the Sentencing Commission and the Supreme Court have explained, the purpose of supervised release is to "assist individuals in their transition to community life." It serves "rehabilitative ends, distinct from those served by incarceration." Post-release supervision is "for those, and *only those*, who need it." United States Sentencing Commission, *Federal Offenders Sentenced to Supervised Release* at 1–2 (July 2010) (emphasis added) (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000)).[1]

14. For cases like this one, where the defendant served a long prison sentence, the "primary goal of [supervised release] is to ease the defendant's transition into the community." United States v. Carter, 730 F.3d 187, 196 (3d Cir. 2013) (quoting S. Rep. No. 8-225, at 124 (1983), 1984 U.S.C.C.A.N. 3182, 3307).

15. Here, Mr. Poole has fully transitioned to community life. He has a lawful calling. He has close ties to the community with children and a fiancé he will marry soon. He has no ties or connection to criminal life. He no longer needs assistance in his transition from federal prison. He has done his time and reintegrated himself into society.

---

[1] This report is available on the Sentencing Commission's website at bit.ly/386MORW (last visited Feb. 7, 2020).

16. Under § 3583(e)(1), Mr. Poole's conduct warrants termination of his supervised release. He has done everything we could ask to rehabilitate himself. There is no reason for his supervised release to continue. At this point, the only possible reason to continue his supervision would be as punishment for his crimes. However, the purpose of supervised release is not to punish someone who has already done their time but rather to help them. Punishment has no place here.

17. A review of the Judicial Conference's criteria for probation officers to recommend termination of supervised release confirms that there are no longer any concerns to address through supervised release. Mr. Poole has "stable community reintegration," as discussed earlier. He has accomplished his supervision objectives. He has no history of violence and no arrests after he came home from federal prison. He has not abused drugs or alcohol and has not had any psychiatric problems. And he presents no "identifiable risk to the safety of any identifiable victim." He served a 200-month sentence and more than four years of the term of his supervised release. Any connection to criminal activity is behind him.

18. Terminating Mr. Poole's supervised release would help him live his life without the now-unnecessary restrictions and difficulties that supervision necessarily creates. He cannot travel without notice to his probation officer. Given that he is a long-haul truck driver, his supervised release imposes meaningful restrictions on his life. Now that he has served his time and reintegrated himself into community life, those restrictions no longer serve their purpose.

## CONCLUSION

19. Mr. Poole asks this Court to help him to be treated as anyone else in our community would be. He has done his time and accomplished the aims of supervised release.

– 6 –

Accordingly, he respectfully requests that this Court terminate his supervised release after he served the majority of its term.

                                                    Respectfully submitted,

                                                    */s/ Robert Gamburg*
                                                  Robert M. Gamburg, Esq. (Pa. I.D. No. 68808)
                                                  1500 John F. Kennedy Blvd., Suite 1203
                                                  Philadelphia, PA 19102
                                                  (215) 567-1486
                                                  robert@gamburglaw.com

Dated: February 10, 2020

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 10, 2020 a true and correct copy of the within motion in the herein matter was served on the following person, via first class mail, and/or electronic filing, as follows:

AUSA Salvatore Astolfi
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*/s/ Robert Gamburg*
Robert M. Gamburg, Esq. (Pa. I.D. No. 68808)
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
(215) 567-1486
robert@gamburglaw.com